Eastern District of Kentucky
**F I L E D**

JUN 0 8 2020

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 20-cr-26-DCR

UNITED STATES OF AMERICA                                     PLAINTIFF

V.                          **PLEA AGREEMENT**

CHEIKH GUEYE                                                 DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Counts 1 and 2 of the Indictment charging a violation of 18 U.S.C. § 2113(a), bank robbery.

2. The essential elements of 18 U.S.C. § 2113(a) are:

   (a)  The defendant took money from the person or in the presence of another, while that money was in the care or custody of a bank or a savings and loan association;

   (b)  Such taking was by force and violence or intimidation; and

   (c)  The deposits of the bank or savings and loan association were then insured by the FDIC.

3. The United States could prove the following facts that establish the essential elements of the offenses beyond a reasonable doubt, and the Defendant admits these facts:

On December 11, 2019, in Paris, Bourbon County, Kentucky, in the Eastern District of Kentucky, the Kentucky Bank and the Blue Grass Federal Savings and Loan, both FDIC

insured at the time, were robbed by a black male. A sum of $5,622.01 was taken from the teller at the Kentucky Bank, and a sum of $2,259.00 was taken from the teller at the Bluegrass Federal Savings and Loan.

Defendant admits that he committed the robberies during which he wore a hoodie jacket, carried a backpack and wore sunglasses. At both banks, he passed tellers a note and told them to give him all the money in the drawers or he would kill everybody. Defendant carried a toy gun in the waistband of his pants and took measures to make it visible to the bank personnel. Defendant did not brandish the toy gun during either robbery. Shortly after the robberies, defendant surrendered without incident to the police. Subsequently and after being read his rights, defendant made a lengthy, detailed statement admitting to committing the robberies and explaining his purpose and motivation for doing so. A search of his backpack, which he had with him at the time of his arrest, revealed the exact amount of money taken from financial institutions that day.

4. The statutory term of imprisonment for a conviction for each of Counts is not more than 20 years of imprisonment, a fine of not more than $250,000.00 or twice the gross gain or loss, and a term of supervised release of not more than 3 years. A mandatory special assessment of $100 per count applies for a total of $200, and the Defendant will pay the assessment to the U.S. District Court Clerk at the time of sentencing.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

(a) The United States Sentencing Guidelines (U.S.S.G.), November 1, 2018, will determine the Defendant's guidelines range.

(b) Pursuant to U.S.S.G. § 2B3.1, the base offense level will be a 20.

(c) Pursuant to U.S.S.G. § 2B3.1(b)(1), taking property from a financial institution, the base offense level will be increased by 2.

(d) Pursuant to U.S.S.G. §2B3.1(b)(2)(F), making a threat of death, the base offense level will be increased by 2.

(e) Pursuant to U.S.S.G. § 3E1.1(b) and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 3 levels for the Defendant's acceptance of responsibility.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant waives the right to appeal the guilty plea and conviction. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

8. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant

3

will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

9. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the

Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

10. The defendant recognizes that pleading guilty may have consequences with respect to his immigration status. Under federal law, a broad range of crimes are removable offenses, including the offense to which the defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

11. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

12. This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

13. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

14. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this

Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

ROBERT M. DUNCAN, JR.
UNITED STATES ATTORNEY

Date: 6/8/2020    By: *(signature)*
Emily K. Greenfield
Assistant United States Attorney

Date: 6/8/2020    *(signature)*
Cheikh Gueye
Defendant

Date: June 8, 2020    *(signature)*
Robert Abell
Attorney for Defendant

6