UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

**CRIMINAL NO. 20-cr-26-DCR**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **PLAINTIFF** |
| **V.**     **RESPONSE TO DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE OR VARIANCE** | |
| **CHEIKH GUEYE** | **DEFENDANT** |

\* \* \* \* \* \*

Defendant has requested that this Court depart from the applicable guideline range in the PSR pursuant to U.S.S.G. §§ 5H1.3 and/or 5K2.11 or otherwise vary below the applicable guideline range to impose a 24-month term of imprisonment. While this Court has discretion to vary from the applicable guideline range, a sentence of 24 months is not appropriate in this case.

First, the United States does not believe that a departure under § 5K2.11 is warranted. There is no dispute that Gueye's stated motivation for committing the robberies was to ultimately be killed by police; and thus, his case may not be the typical bank robbery case. However, unlike the examples in § 5K2.11, where there may be a harmless motivation for the commission of the crime (i.e. the possession of a grenade by a war veteran as a trophy), or even an altruistic purpose for the commission of the crime

(i.e. possession of controlled substances for teaching in a drug education program) that would take the conduct out of the "harm or evil sought to be prevented by the law proscribing the offense," Defendant's conduct implied a threat to others, not just himself. He went into the banks and handed tellers notes that said he would kill everyone. The tellers had no idea that the money was not relevant to him, and that his goal was just to get in front of the police in the hopes of dying. Rather, he knowingly went into the bank and took money by intimidation. That is the harm that the federal bank robbery statute was designed to prevent. Defendant's lack of interest in using the money taken is not the issue. *See United States v. Lewis*, 628 F. 2d 1276, 1279 (10th Cir. 1980) (affirming conviction of defendant who robbed bank with the intention of being caught and returned to prison to get alcohol abuse treatment); *United States v. Overton*, 437 F. Supp. 3d 1078 (D. New Mex. 2020)(precluding duress as defense to bank robbery when it was committed to get into police custody to prevent perceived stalking by cartel).

Second, the United States does not believe that a departure is warranted under § 5H1.3. Depression and desperation are often motivating factors for the commission of criminal offenses. There is no dispute that Defendant suffers from mental health issues and needs mental health and substance abuse treatment. However, there was no indication from the mental health expert that Defendant could not receive needed treatment at a BOP facility. As noted by the expert report, there was nothing so unusual about Defendant's condition that he needed a special BOP facility for treatment. He also may be able to take advantage of the RDAP program and other treatment programs while

he is incarcerated. Accordingly, the United States believes that the best application for § 5H1.3 is in reference to any supervised release term that this Court may impose.

Finally, if this Court acts in its discretion to grant a downward variance, a variance to 24 months would not be appropriate. Pursuant to § 3553(a), in addition to taking into account the history and characteristics of the Defendant, this Court must ensure that the sentence imposed reflects the seriousness of the offense and promotes respect for the law. Defendant committed not just one, but two bank robberies, and threatened the tellers with death during each. While it is fortunate that neither the police nor any security guards fired their weapons in this case, there was a risk of innocent by-standers being injured in the apprehension of the Defendant particularly considering that his goal was to have the police kill him. His crimes were serious and a sentence of only 24 months would not promote respect for the law or provide just punishment for those serious offenses.

                    Respectfully Submitted,

                    CARLTON S. SHIER, IV
                    ACTING UNITED STATES ATTORNEY

By:    s/Emily K. Greenfield
        Assistant United States Attorney
        260 W. Vine Street, Suite 300
        Lexington, Kentucky 40507-1612
        (859) 685-4811
        emily.greenfield@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2021, I electronically filed this document with the clerk of the court through the CM/ECF system, which will send the notice of electronic filing to all counsel of record.

s/Emily K. Greenfield
Assistant United States Attorney
